JAMES BUCHAN AND ROBERT C. BUCHAN, EXECUTORS, ETC., APPELLANTS, *v.* JAMES RINTOUL, EXECUTOR, ETC., RESPONDENT.

*Executors and trustees — application for an accounting by, under* 2 *R. S.,* 92, § 52 — *may be made by their co-trustee — power of surrogate of New York to order a reference to take such account — chap.* 359 *of* 1870, *sec.* 6.

Where a testator devises all the rest, residue and remainder of his estate to his executors, to carry out the trust created by his will, one of such executors may apply to the surrogate, under section 52 of 2 Revised Statutes (92), for an order requiring his co-executor to render and file an account as therein provided.

Where objections are filed by such applicant to the account rendered in pursuance of such an order, the surrogate of New York may, under section 6 of chapter 359 of 1870, appoint a referee to examine such account, and report thereon to him.

APPEAL from an order made by the surrogate of the county of New York, denying a motion made on behalf of the appellants herein, to set aside an order of reference made herein, and to dismiss the objections made by the respondent to the account rendered by the appellants, without hearing the same, on the ground that the said respondent had no standing in court.

*J. P. Fitch* and *A. De Witt Baldwin,* for the appellants.

*John L. Davenport,* for the respondent.

DAVIS, P. J. :

The appellants and respondent herein were by the last will and testament of Thomas B. Rich, and by a codicil thereto, appointed, together with his widow, executors and executrix of the will. By the residuary clause of the will the testator gave, devised and bequeathed to his executrix and executors all the rest, residue and remainder of his estate, real and personal, in trust, to receive the rents, issues and profits of said real estate, and to invest his personal estate at interest, and receive the interest and income thereof, and apply the whole of said rents, interest, profits and income to the use of his wife, for and during her natural life, and on her decease

to divide the estate, real and personal, into two equal parts or shares, and convey or assign and deliver such shares as specially directed in said residuary clause.

The respondent and the appellants all qualified as such executors, but the appellants have had the control and management of the estate. At the expiration of eighteen months after their appointment, the executors having filed no account as required by statute, the respondent made application by petition to the surrogate for an order requiring such account to be filed. The surrogate made such an order and in obedience the appellants filed an account on oath, and subsequently a further account, amending the first in some particulars. The respondent filed objections thereto and the surrogate made an order referring the account for examination to an auditor, with instructions to the auditor to proceed to a hearing and to audit said account, upon notice to be given to the several parties. Afterwards the several legatees under the will intervened and appeared by counsel, and a motion was made on behalf of the present appellants and the *cestui que trust* under the will, to set aside the order of reference to the auditor, and to dismiss the objections filed by the respondent without hearing the same. This motion was denied by the surrogate, and the present appeal is from the order of denial. The questions made upon the appeal are, first, whether the respondent occupied such a relation to the estate that he had a right under the statute to intervene and require an account to be rendered? The statute provides that an executor or administrator after the expiration of eighteen months from the time of his appointment may be required to render an account of his proceedings by an order of the surrogate, to be granted upon application from some person having a demand against the personal estate of the deceased, whether as creditor, legatee or next of kin, or some person representing any minor having such claim. (2 R. S., 92, § 52.) It is insisted that an executor cannot move under this statute for an accounting by his co-executors, because he is not a person having a demand against the personal estate of the deceased, either as creditor, legatee or next of kin, as required by the statute above quoted. But the respondent did not occupy the naked relation of executor in this case. He was, by the residuary clause, made one of the trustees of the entire residuary estate of the decedent, both real and per-

sonal. His petition to the surrogate for an order of accounting describes him as one of the trustees named in the last will of Thomas B. Rich, deceased. All the residue of the testator's estate, after payment of specific legacies was given, devised and bequeathed to the executors, as trustees. For the purposes of the trust they took the legal title, and in our opinion, come fairly within the description of the persons in the fifty-second section of the act above cited, upon whose application the surrogate may order the executors to render an account of their proceedings after the lapse of eighteen months. Whether a mere executor can do this or not, it is not necessary for us to consider, for in our opinion, it is quite clear that such a trustee as the respondent in this case is, may properly proceed to require the rendition of an account by his co-executors who are in possession and control of the estate, although he is also an executor. The learned surrogate examined the question whether an executor may proceed against his co-executors, and he came to the conclusion that in such a case the proceeding would be regular. His views seem to be sustained by the authorities cited by him. The second question is, whether upon the rendition by the executors of an account of their proceedings under oath, the surrogate had power to make, upon objections interposed by the respondent, the order of reference to an auditor which the appellants and legatees moved to set aside. It is obvious that the account to be rendered under section 52 of the statute above quoted is not a final accounting by the executors. Section 54 of the same statute provides what may be done by an executor upon the rendition of this account; and that he may be examined on oath touching the payments made by him, and also touching any property or effects of the deceased which may have come to his hands and the disposition thereof. The petition of the respondent asked no relief whatever, except that the appellants appear and render an account under oath of their proceedings as executors, and it is insisted that, upon the rendition of such account pursuant to the prayer of the petition, the surrogate had no power to proceed beyond the examination of the executors on oath, as provided in the fifty-fourth section, without an application by the executors for a final settlement, under section 60 of the statute, or an application by creditors of the estate for payment of debts owing to them, and that his power to appoint an auditor under section 64

(2 R. S., 94), is limited to proceedings on final settlement of the estate or upon proper application for that purpose. This question has been distinctly raised and carefully examined in two cases, first in *Westervelt, Exr., etc.,* v. *Gregg* (1 Barb., Ch., 469), in which the learned chancellor examined the question and the several statutes in relation to the duties of executors and administrators in rendering accounts and making distributions, and he came to the conclusion that where the petition asked no relief whatever, general or specific, except that the executors might be ordered to render an account according to law, and that prayer having been fully complied with, that the jurisdiction of the surrogate under the same was exhausted, and that he had no authority to proceed to appoint an auditor upon the rendition of such an account. In *Campbell* v. *Bruen* (1 Bradf., 224), the learned surrogate held that where an executor or administrator, in compliance with a citation to account, issued on the petition of a creditor, or legatee, or distributee, has rendered his account and submitted to an examination on oath, that terminates the proceeding, unless the executor asks for a final accounting, or the party who has applied for the account has also applied for the payment of his demand. In either of the two cases first named, the surrogate may proceed to settle the account. In this case no proceedings for a final settlement have been instituted, either on the application of the executors or on the petition of a creditor, or of the respondent. All that was prayed for was a rendering of the account required by the fifty-second section of the statute above quoted, and all that is intended by the reference to the auditor and the subsequent proceedings is to ascertain the correctness of that account. It is not to be presumed that the auditor or referee will go beyond the duty imposed upon him. This was, by the Revised Statutes, to be accomplished by the surrogate himself under the provisions of the fifty-fourth section. But we are of opinion that these provisions of the Revised Statutes have been changed, so far as they relate to the surrogate of the city and county of New York, by chapter 359 of the Laws of 1870. The sixth section of that chapter is as follows: " In any accounting of the said Surrogate's Court, or in any other proceeding therein, the surrogate may appoint a referee to take testimony as to the facts in relation thereto, to examine the accounts rendered to said surrogate, to hear and deter-

mine all disputed claims and other matters relating to said accounts, and to make report thereon, subject to the confirmation of the surrogate. Such referee shall have the same powers and compensation as referees appointed by the Supreme Court." This section confers upon the surrogate all the power that he exercised in making the order, and the fact that the referee in the case is called an auditor, instead of a referee, can make no difference in the power to appoint him. This statute seemed to have been overlooked in the court below and upon the argument before us, but we regard it as changing the power of the surrogate, so far as relates to the city of New York, over the accounting sought for in this case, and as fully authorizing the order of reference, if in the judgment of the surrogate it was deemed proper. There can, it seems to us, be no doubt that the respondent in this case is within the provision of the statute defining who may appear and contest an account.

That language is (2 R. S., 94, § 63): "Any creditors, legatees or other persons interested in the estate of the deceased, as next of kin or otherwise, may attend the settlement of such account and contest the same." By that section, both as executor and trustee, the respondent is interested in the estate, and is empowered to attend and contest the estate.

The order below, therefore, must be affirmed with costs.

Brady and Daniels, JJ., concurred.

Order affirmed, with costs.